**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abraham BUENO–MERCADO, Defendant–Appellant.**

**Nos. 14–10200, 14–10343.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**676**

Submitted Aug. 25, 2015.*

Filed Sept. 1, 2015.

Bruce M. Ferg, Assistant U.S., Ann L. Demarais, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Eric Scott Manch, Manch Law Firm PLLC, Tucson, AZ, for Defendant–Appellant.

Abraham Bueno–Mercado, pro se.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Abraham Bueno–Mercado appeals the 37–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326; and the six-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291.

In Appeal No. 14–10200, Bueno–Mercado challenges his revocation sentence, arguing that the district court failed to consider his mitigation arguments, failed to explain its sentence, and imposed a substantively unreasonable sentence. The record reflects that the district court considered Bueno–Mercado's mitigation arguments and sufficiently explained the sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc). Moreover, the district court did not abuse its discretion in imposing Bueno–Mercado's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586. Accordingly, we affirm in Appeal No. 14–10200.

The government argues that Appeal No. 14–10343 should be dismissed based on an appeal waiver contained in the plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson,* 582 F.3d 974, 981 (9th Cir.2009). Contrary to Bueno–Mercado's contention, the record reflects that the district court properly advised him of the terms of the appeal waiver when it accepted his guilty plea. *See id.* at 987. Moreover, his sentence is not illegal because *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains good law. *See Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013) (declining to revisit *Almendarez-Torres* ). Accordingly, we dismiss Appeal No. 14–10343 in light of the valid appeal waiver. *See Watson,* 582 F.3d at 988.

**Appeal No. 14–10200 AFFIRMED.**

**Appeal No. 14–10343 DISMISSED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.